SUBURBAN INVESTMENT COMPANY, PROSECUTOR, v. CHARLES E. HENDRICKSON ET AL., STATE BOARD OF ASSESSORS ET AL.

Submitted July 1, 1915—Decided March 9, 1916.

On *certiorari.*

Before Justices PARKER, MINTURN and KALISCH.

For the prosecutor, *Fort & Fort.*

For the defendants, *Francis H. McGee* and *Herbert Boggs,* assistant attorney-general.

PER CURIAM.

The Suburban Water Company was incorporated under the laws of this state in 1912 and subsequently changed its name to the Suburban Investment Company, the prosecutor in this case. The facts are fully set out in the *per curiam* opinion in New York and New Jersey Water Company against the same defendant, decided at the present term. The prosecutor was assessed $560.80 for state uses on $560,800 amount of capital stock issued and outstanding January 1st, 1914, as reported by the prosecutor.

The only specific reason assigned by the prosecutor for setting aside the assessment is that the state board of assessors made and levied the tax upon the prosecutor under the provision of chapter 185 of the laws of 1896 and the supplements thereto and amendments thereof, instead of under the act of 1900, discussed in the *per curiam* opinion above referred to.

The return made by the prosecutor to the state board of assessors sets forth the amount of its capital stock issued and outstanding on January 1st, 1914, under section 3 of the Corporation Franchise act of April 18th, 1884, as said section was amended in 1906 (*Pamph. L., p.* 31), as above stated.

The prosecutor's return reports that its business is: "Investment in and managing corporations," and that it is not engaged in manufacturing or mining within this state. The situation of the prosecutor on December 31st, 1913, was that of an inactive corporation holding no special franchise. In harmony with the views expressed in the *per curiam* opinion filed in No. 225, the tax was properly assessed in the present case.

The writ will be dismissed and the action of state board of assessors affirmed, with costs.